**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 9, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

EMANUEL PITTMAN,

     Plaintiff - Appellant,

v.

JEREMY KAHN; JAMES GILLIS;
MICHELLE FOREMAN,

     Defendants - Appellees.

No. 23-1153
(D.C. No. 1:22-CV-01266-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Emanuel Pittman, a Colorado state prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

Mr. Pittman sued Jeremy Kahn, James Gillis, and Michelle Foreman, prison officials at the Limon Correctional Facility ("LCF"), in their individual and official capacities.  His third amended complaint charged that the defendants violated the Eighth Amendment by failing to protect him from unnamed inmates.

Mr. Pittman alleged that

- Mr. Kahn heard him tell a prison official about rumors that sex offenders "got beat up or paid rent in LCF," ROA, Vol. I at 76;

- he later sent Mr. Kahn a kite (informal note) claiming that unnamed prisoners had threatened his life;

- Mr. Kahn met with him about the threats but denied the grievance because he had not followed the grievance procedure;

- the next day, Mr. Gillis and Ms. Foreman met with him to discuss the grievance and asked for the names of the inmates who were threatening him;

- he refused to provide the names, so he was returned to his pod;

- a few days later, unnamed inmates attacked him, giving him a black eye and an unspecified "permanent mark," *id.* at 77; and

- at some point before the attack, his brother called Mr. Kahn, presumably regarding Mr. Pittman's sex offender status.

*Id.* at 65–78.

The district court referred the pleadings to a magistrate judge, who recommended dismissal of the official capacity claims.  The district court adopted the recommendation and dismissed those claims.

The Defendants then moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the individual capacity claims for failure to state a claim.  The magistrate

2

judge recommended dismissal, determining that Mr. Pittman failed to state a plausible failure-to-protect claim against any of the Defendants because he did not allege sufficient facts to show they knew he faced a substantial risk of serious harm.[1] The district court adopted the recommendation, granted the motion, and dismissed the case.  Mr. Pittman now appeals the dismissal of his individual capacity claims.[2]

## II.  DISCUSSION

### A.  *Standard of Review and Rule 12(b)(6) Dismissal*

Mr. Pittman represents himself, so we construe his filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  We review de novo a dismissal for failure to state a claim under Rule 12(b)(6).  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  Under this standard, we accept as true all well-pleaded factual allegations and view them in the light most favorable to the plaintiff.  *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

---

[1] The magistrate judge's order contains a subsection titled "A.  Official Capacity Claims."  ROA, Vol. I at 159.  This appears to be a typographical error as the analysis following that subsection header addresses the individual capacity claims, and the district court had already dismissed the official capacity claims.  *See* Aplee Suppl. App. at 12–13.

[2] The magistrate judge's order discusses whether Mr. Pittman should be granted leave to amend his third amended complaint.  ROA, Vol. I at 169–72.  The magistrate judge determined that Mr. Pittman had three previous opportunities to correct the deficiencies in his complaint and that further amendment would be futile.  *Id.* at 172.  Mr. Pittman does not raise this issue on appeal, so we decline to address it.  *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

*Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *see Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Even though we read a pro se complaint liberally, we "should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992).

## B. *Failure to Protect*

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement, including "reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotations omitted). This obligation includes a duty "to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (quotations omitted).

"To prevail on a failure to protect claim, an inmate must show (1) that the conditions of his incarceration present[ed] an objective substantial risk of serious harm and (2) prison officials had subjective knowledge of the risk of harm." *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (quotations omitted). To satisfy the second prong, the inmate must show that the prison official was deliberately indifferent to the inmate's health or safety. *Farmer*, 511 U.S. at 834. A prison official will not be liable unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

### C. *Pleading Sufficiency*

We provide two case examples applying the pleading standards to failure-to-protect cases.

First, in *Requena*, we determined the inmate-plaintiff adequately pled a failure-to-protect claim. 893 F.3d at 1214. In that case, the inmate notified prison officials that he feared retaliation by other Native American inmates after he was found guilty of impermissibly keeping in his cell drumsticks that had been kept for and used in the prison's Native American "callout" for decades. Prison officials removed the drumsticks from use. He also requested a transfer to avoid retaliation. *Id.* at 1213 & n.12. The prison officials did not act on the inmate's request. Two Native American inmates brutally beat him with a blunt object during mealtime. *Id.* at 1214. The inmate further claimed that one of the prison officials "knew a fight was about to occur because inmates were table hopping, yet he prevented another officer from doing anything because he wanted to see a fight." *Id.* (quotations omitted).

Conversely, in *Riddle v. Mondragon*, we concluded the inmate-plaintiff failed to state a failure-to-protect claim. 83 F.3d 1197, 1206 (10th Cir. 1996). In *Riddle*, the inmate's complaint alleged he was "exposed to adverse prison setting, constantly in fear of his life by physical assaults from other inmates who may discover his crime as sex offense at any time." *Id.* at 1205. The inmate did not provide the defendant-officials with details about a specific risk of harm. *Id.* We determined the inmate's

5

allegations were conclusory and that he failed to allege sufficient facts to show that the prison officials were deliberately indifferent to his safety. *Id.* at 1205–06.

This case is similar to *Riddle* and not to *Requena*.

### D. *Analysis*

Mr. Pittman's allegations lack sufficient facts to show the Defendants were deliberately indifferent to his safety. We therefore affirm the district court.

### 1. **Claim Against Mr. Kahn**

Mr. Pittman alleged that Mr. Kahn overheard a conversation between Mr. Pittman and another prison official regarding rumors about mistreatment of sex offenders at LCF. Mr. Pittman further alleged that (1) he later sent Mr. Kahn a kite reporting that numerous unnamed prisoners had threatened his life, (2) Mr. Kahn met with him about the threats mentioned in the kite, and (3) Mr. Kahn denied the grievance because Mr. Pittman had not followed the grievance procedure. He also alleged that his brother called Mr. Kahn, presumably regarding Mr. Pittman being a sex offender.

Based on these allegations, the only information relevant to Mr. Pittman's claim is he told Mr. Kahn that unnamed prisoners had threatened him. Mr. Pittman did not provide any detail, so Mr. Kahn was not aware who made the threats or when or why they were made. Mr. Pittman therefore did not plausibly allege that Mr. Kahn was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," or that Mr. Kahn drew the inference. *Farmer*, 511 U.S. at

837.  Thus, because Mr. Pittman did not satisfy the subjective prong of the failure-to-protect test, dismissal of his claim against Mr. Kahn was appropriate.

## 2.  Claim Against Mr. Gillis and Ms. Foreman

Mr. Pittman alleged that Mr. Gillis and Ms. Foreman met with him to discuss the grievance but that he chose to return to his pod rather than provide the names of the inmates who were threatening him or any other details about the threats.  Thus, like Mr. Kahn, Mr. Gillis and Ms. Foreman were not told who made the threats or when or why they were made.

Mr. Pittman's assertions that unnamed prisoners had threatened him and that he feared for his life were insufficient to show that Mr. Gillis and Ms. Foreman knew of and disregarded a substantial risk of serious harm.  *Id.*; *Riddle*, 83 F.3d at 1206. Thus, because Mr. Pittman did not allege sufficient facts showing that Mr. Gillis and Ms. Foreman were deliberately indifferent to his safety, dismissal of his claim against them was also appropriate.

## III.  CONCLUSION

We affirm the district court's judgment dismissing Mr. Pittman's amended complaint.  We deny Mr. Pittman's motion for leave to proceed without prepayment of costs and fees.

Entered for the Court

Scott M. Matheson, Jr.